May 24, 1977

## 77-28 MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, CIVIL RIGHTS DIVISION

### Standards of Conduct—Application Pursuant to 28 CFR § 45.735-9(c)

This is in response to your request for our evaluation of Mr. A's second application for leave to argue a civil rights case for private plaintiffs.

Before coming to the Department, Mr. A was counsel for the plaintiffs under the auspices of a private nonprofit organization concerned with civil rights policy and litigation. The United States is not a party to the case, and the Department has not appeared as *amicus* or otherwise.

The matter is governed by the Department's Standards of Conduct, 28 CFR § 45.735-9(a), which provide that:

> No professional employee shall engage in the private practice of his profession, including the practice of law, except as may be authorized by or under paragraph (c) or (e) of this section.

Paragraph (c) provides that the Associate Attorney General [1] may make specific exceptions to paragraph (a) in "unusual circumstances." Applications under paragraph (c) must be transmitted through the applicant's superior.[2] Also relevant is 28 CFR § 45.735-9(d), which prohibits employees from engaging in off-duty employment which would interfere with the performance of their official duties, create actual or apparent conflicts of interest, or reflect adversely on the Department.

From the attached documents, we understand that the case in question is a class action, filed in May 1973, which alleged hiring discrimination by the local police and fire departments in violation of 42 U.S.C. §§ 1981 and 1983. In January 1975 the district court found that the police department had engaged in racial discrimination and ordered affirmative relief, including allocation of new hires by race. The decision was affirmed by the circuit court in June 1976. In May of that year, the fire department case was settled by a consent decree provid-

---

[1] Formerly the Deputy Attorney General.

[2] 28 CFR § 45.735(e), which governs participation in legal aid programs for the indigent, does not apply to this matter.

ing for similar relief. However, in October 1976 the circuit court vacated its decision and remanded the police department case to the district court for rehearing in the light of *Washington* v. *Davis,* 426 U.S. 229 (1976).

Mr. A entered on duty on January 31, 1977. Insofar as we are aware, he could have delayed coming to the Department until he had briefed and argued the case. Instead, on December 26, 1976, he requested leave from the then head of the Civil Rights Division and the then Deputy Attorney General, pursuant to § 45.735-9(c), to brief and argue the case on rehearing after he came to the Department.

In substance, Mr. A alleged that under *Davis* the district court would have to consider the factual issue of the police department's discriminatory intent, and that he was uniquely qualified to argue this issue. In support of the request, Mr. A stated that he had been lead counsel from the inception of the case, that his replacement was unfamiliar with the factual background, that local counsel was not expert in the legal issues involved, that no transcript had been made because the district court preferred to videotape the testimony, and that he had already drafted a substantial portion of the brief. Mr. A asserted that his familiarity with the case, his trial notes, and his legal skills were of critical importance to the successful presentation of the police department case. He also stated that he would disclaim any connection with the United States Government and would receive no compensation for his efforts.

On January 31, 1977, the Acting Deputy Attorney General ruled that in the light of the "unusual circumstances," Mr. A might assist in the preparation of plaintiffs' brief but could not participate in any way in oral argument. Moreover, his ruling was subject to the conditions that Mr. A's efforts not interfere with his official duties, that he receive no compensation, and that his work for the private, nonprofit organization would create neither an actual nor apparent conflict of interest, as required by 28 CFR § 45.735-9(d). Mr. A prepared and signed plaintiffs' brief, in which he stated that he was not acting in his official capacity and that his participation did not represent the Department or the United States. The brief was filed on March 21, 1977. The case is ready for argument, but argument has not yet been scheduled.

The Department has already ruled that Mr. A's involvement in the case was a sufficiently "unusual circumstance" under 28 CFR § 45.735-9(c) to permit him to commit his time and effort to the brief and to identify himself with it. The immediate question here is whether a distinction should be drawn between preparing and signing the brief and participating in oral argument.

The ruling of the Acting Deputy Attorney General does not discuss the distinction between the two. The Executive Assistant to the Associate Attorney General informs us that it is the Department's policy not to allow its attorneys to practice in the Federal courts. He says that an exception was made for Mr. A to finish the brief because he had

already done substantial work on it and there did not appear to be time for his successor to become sufficiently familiar with the case before the brief was due. This was not true of oral argument, which had not yet been set.

The possible impact on the Department if Mr. A argues the case is threefold. First, a portion of his time and energy will be absorbed. Second, there is a risk that the Department will be identified with plaintiffs' position in the public mind, despite any disclaimer by Mr. A. Third, he will continue his professional association with the private organization, which is one that interests itself in litigation related to his official duties. *See* 28 CFR § 47.735-9(d).

The hardship to Mr. A's former clients if he does not argue their case is substantially less than if he had not prepared the brief. His replacement has had more time to familiarize himself with the case, and it should be possible to reduce the videotaped testimony to a transcript. Oral argument has not yet been scheduled. Moreover, as shown by the timing of his initial request, Mr. A knew before he came to the Department that its regulations forbade outside professional employment. He and his clients have had at least 4 months to arrange their affairs accordingly. In the light of these facts, we do not believe that there is sufficient reason to allow Mr. A. to continue his private practice while a Government employee.

In conclusion, the responsibility for ruling on Mr. A's request lies in the first instance with the Assistant Attorney General for the Civil Rights Division and ultimately with the Associate Attorney General. In our opinion, the unusual circumstances that were found to justify Mr. A's appearance on the brief arose during the short time between his entry on duty and the due date of the brief. Because these circumstances no longer exist, our evaluation is that it would not be unduly harsh to deny Mr. A leave to argue the case, although that decision is not ours.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*